## JACK SHARP INS. AGENCY, INC., Appellant v. TOWER MUTUAL INSURANCE CO., Appellee.

Ohio Appeals, First District, Hamilton County.

No. 5339. Decided January 24, 1938.

Mr. John Doyle, Cincinnati and Mr. Henry Beebe, Cincinnati, for appellant.

Mr. Robert McIntosh, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from a judgment in favor of the defendant-appellee, rendered by the Court of Common Pleas of Hamilton county upon a general demurrer to the petition. The appeal is against The Tower Mutual Insurance Company alone. The sole question therefore is whether the averments of the petition state a cause of action. These averments are:

"Plaintiff says that it is a corporation organized and doing business under the laws of the State of Ohio; that the defendant, The Tower Mutual Insurance Company, is a corporation organized and doing business under the laws of the

State of Ohio and that defendant, The Western & Southern Indemnity Company, is a corporation organized and doing business under the laws of the State of Ohio, and that its principal business is the execution of indemnity bonds; that defendant, The Western & Southern Indemnity Company, did execute an organization bond for defendant, The Tower Mutual Insurance Company, conditioned to indemnify anyone doing business with said The Tower Mutual Insurance Company, or its agents, for any wrongful, negligent or fraudulent act of said defendant, The Tower Mutual Insurance Company.

"Plaintiff further says that on or about the second day of January, 1935, the defendant, The Tower Mutual Insurance Company, and this plaintiff entered into a contract and agreement, whereby plaintiff was to furnish and deliver to defendant, The Tower Mutual Insurance Company, certain real estate mortgages in the sum of $514,000.00, in order for said defendant to qualify before the Insurance Department of the State of Ohio, for the purpose of doing an insurance business in said State of Ohio; as consideration therefor defendant, The Tower Mutual Insurance Company, did agree to pay unto plaintiff the sum of $514,000.00 in the form of 7% contribution to surplus fund certificates.

"Plaintiff further says that it did furnish and deliver to said defendant, The Tower Mutual Insurance Company, real estate mortgages in the sum of $514,000.00 and that the said defendant did in turn deposit the said amount in real estate mortgages with the Insurance Department of the State of Ohio, and as a result of depositing said real estate mortgages in said sum of $514,000.00, was authorized to do business and function as a mutual insurance company from on or about the 16th day of February, 1935, to on or about the first day of December, 1935, and thereafter said defendant did return said real estate mortgages to the plaintiff.

"Plaintiff further says that it has made demand for the consideration agreed upon and that payment has been refused and said defendant still refuses to pay unto plaintiff the said 7% contribution to surplus fund certificates of The Tower Mutual Insurance Company, as agreed upon between the parties, to-wit: this plaintiff and defendant, The Tower Mutual Insurance Company.

"Plaintiff further says that defendant, The Tower Mutual Insurance ompany, is indebted to this plaintiff in the sum of $28,270.00, being 6% of $514,000.00."

It will be observed that the plaintiff alleges that it delivered real estate mortgages to the defendant under a contract and was to receive therefor 7% certificates of contribu-

tion to its surplus fund, and then it is alleged that at a later date these mortgages were returned to it. No explanation of the return of the mortgages is pleaded, but as their return was acquiesced in, the legal effect would seem to be a rescission of the contract. Nevertheless, the plaintiff has pleaded that it demanded the 7% certificates of contribution to surplus fund of the defendant and the defendant has refused.

It will also be observed that the plaintiff then seems to treat the possession of the mortgages by the defendant as a loan of money in an amount equal to their par value, and then prays for judgment for an amount equal to 6% per annum thereon for the time the defendant had possession of them.

The defendant is a mutual insurance company, organized under the laws of this state. Its powers are, therefore, limited by the statutes of this state applicable to such companies.

By §9607-12 GC, it is provided that:

"Any director, officer or member of any domestic mutual insurance company or any other person, may advance to such company any sum or sums of money necessary for the purpose of its business, or to enable it to comply with any requirement of the law, or as a cash guarantee fund. Such moneys, and such interest thereon as may have been agreed upon, not exceeding eight per centum per annum, shall not be a liability or claim against the company, or any of its assets, except as herein provided, and shall be repaid only out of the surplus earnings of such company; and, except as otherwise approved and ordered by the superintendent of insurance, no part of the principal thereof shall be repaid until the surplus of the company remaining after such repayment is equal in amount to the principal of the money so advanced. Such advancement and repayment shall be subject to the approval of the superintendent of insurance, provided that this section shall not affect the power to borrow money which any such company possesses under other laws. No commission or promotion expenses shall be paid by the company, in connection with the advance of any such money to the company, and the amount of any such unpaid advance shall be reported in each annual statement."

This section limits the liability of mutual insurance companies to that provided in the section, which section provides that such contributions "shall not be a liability or claim against the company, or any of its assets, except as herein provided, and shall be paid only out of the surplus earnings

of such company; and, except, as otherwise approved and ordered by the superintendent of insurance no part of the principal thereof shall be repaid until payment is equal in amount to the principal so advanced."

There is no allegation as to the surplus earnings and no allegation of any action by the superintendent of insurance.

And what is sought is a personal judgment enforceable against all the defendant's assets.

As pleaded, this transaction was intended to be a contribution to the surplus fund and the liability of the defendant was intended to be limited to that resulting from such a transaction. While the averment is that the defendant returned the mortgages, there is no allegation of any agreement to pay anything for their use while in its possession.

And we are of the opinion that the parties could not, if they had attempted so to do, have modified the transaction by subsequent agreement to create a liability which could not have been placed in the original agreement.

For these reasons, the judgment is affirmed.

ROSS, P. J., and HAMILTON, J., concur.